

FILED
CLERK, U.S. DISTRICT COURT

06/29/16

CENTRAL DISTRICT OF CALIFORNIA
BY: ___GR___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENKATA LAKSHMI SAVITALA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-01595-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Venkata Lakshmi Savitala ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II. PROCEEDINGS BELOW

On October 26, 2011, Plaintiff applied for DIB alleging disability beginning April 14, 2008 (her alleged onset date ("AOD")). (Administrative Record ("AR") 232-40). Her application was denied initially on March 20, 2012, and upon

reconsideration on December 12, 2012. (AR 99, 111.) On January 31, 2013, Plaintiff filed a written request for hearing, and a hearing was held on November 15, 2013.[1] (AR 30-80, 126-27.) Represented by counsel, Plaintiff appeared and testified, with the assistance of an interpreter. (AR 32-36, 53-63.) A medical expert and an impartial vocational expert also testified. (AR 36-53, 72.) On January 24, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] from the AOD through December 31, 2011, the date last insured ("DLI"). (AR 22.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff filed this action on August 6, 2015. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the AOD through the DLI. (AR 15.) At **step two**, the ALJ found that through the DLI, Plaintiff had the severe impairments of benign brain tumor, status post-surgical removal, diabetes, and headaches. (*Id.*) At **step three**, the ALJ found that through the DLI, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)

Before proceeding to step four, the ALJ found that through the DLI, Plaintiff had the residual functional capacity ("RFC") to:

---

[1] A hearing on July 9, 2013, was continued for the submission of additional medical records and the appearance of a medical expert. (AR 81-89.)

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> [P]erform less than a full range of light work . . . . [She] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; she can engage in occasional postural activities, but is precluded from climbing ladders, ropes or scaffolds; [she] is precluded from climbing above ground level as part of her job.

(AR 16.)

At **step four**, based on Plaintiff's RFC and the VE's testimony, the ALJ found that through the DLI, Plaintiff was capable of performing past relevant work as a hand assembler. (AR 21.) Accordingly, the ALJ did not proceed to **step five**, and instead, found that Plaintiff has not been under a disability from the AOD through the DLI. (AR 22.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from

the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) failed to properly evaluate her subjective complaints; and (2) failed to properly consider the opinions of treating physician Charles Chen, M.D. (Memorandum in Support of Plaintiff's Complaint ("Pl. Memo.") at 7-20, Dkt. No. 18.) The Commissioner contends that the ALJ: (1) properly discounted Plaintiff's credibility; and (2) properly considered Dr. Chen's opinion. (Memorandum in Support of Defendant's Answer ("Def. Memo.") at 3-10, Dkt. No. 21.)

### A. The ALJ Erred In Evaluating Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ erred in rejecting her subjective complaints. (Pl. Memo. at 7-14.) The Commissioner argues that the ALJ's reasons for finding Plaintiff not fully credible are supported by substantial evidence. (Def. Memo. at 3-8.) For the reasons set forth below, the Court agrees with Plaintiff.

#### *1. Plaintiff's Testimony*

At the administrative hearing, Plaintiff testified that she is 55 years old and studied in India "till 10, which is considered high school." (AR 35-36.) She can read, write, and speak some English. (AR 36.) She stopped working as an

///

electrical assembler in 2008, when she was diagnosed with breast cancer. (AR 34.) She has not applied for work since that time. (*Id.*)

Plaintiff testified that she cannot work because of "all the aches and pains" in her body, headaches, nausea, and dizziness. (AR 55.) She testified that she has difficulty lifting and moving her right upper extremity, and she has pain in her legs. (AR 55, 58.) Ever since her 2009 brain surgery, she has not done any housework, grocery shopping, "or anything" due to "all the nausea, the dizziness." (AR 59, 61.) Due to "problems with the neck and . . . dizziness," she cannot use a computer. (AR 63.) She does not get "proper sleep" at night, so she sometimes takes half-hour naps during the day. (AR 59.)

Plaintiff completed a headache questionnaire on February 12, 2012. (AR 276-77.) She reported that she experiences severe headaches daily since May 2009, lasting a minimum of 90 minutes. (AR 276.) The headaches feel like severe nerve pain, resulting in feeling like sleeping and leaving her weak. (*Id.*) She takes two hours to resume her normal activities after a headache. (*Id.*) She reported that her doctors recommended that she not bend her head and not stand for more than two hours. (AR 277.)

Plaintiff completed an exertion questionnaire on February 1, 2012, and September 26, 2012. (AR 278-80, 290-92.) She reported that she cannot sleep well; experiences pain on her knees if she walks more than 15 minutes; cannot use the stairs more than twice a day; can lift less than five pounds; can drive an automatic car no more than five miles; has difficulty completing housework or other chores; requires rest periods or naps during the day; and experiences severe tenderness and pain in the legs and shoulders. (AR 278-80.) She reported that she can make lunches for her husband and daughter, prepare her granddaughter for day care in the morning, exercise, with frequent breaks, walk very short distances, climb stairs two to three times per day, grocery shop with assistance, drive up to five miles at a time, and perform limited housework. (AR 290-92.)

## *2. Applicable Legal Standards*

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572, F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

## *3. Discussion*

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 17.) The ALJ relied on the following reasons: (1) Plaintiff's work history; (2) successful treatment; (3) activities of daily living; and (4) lack of supporting objective evidence. (AR 17.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

### a. Reason No. 1: Plaintiff's Work History

The ALJ noted that Plaintiff last worked in 2008, when she was diagnosed with breast cancer, but she "appeared to be doing fairly well" prior to the DLI. (AR

17, 34.) The ALJ noted that Plaintiff's falls began after the DLI. (AR 17.)

Plaintiff argues that the ALJ failed to recognize that she had a good work history, and her testimony regarding the reason she stopped working is supported by the record. (Pl. Memo. at 9-10.) The Commissioner argues that the ALJ reasonably considered that Plaintiff stopped working years before her application for benefits. (Def. Memo. at 6 (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).)

In *Thomas*, the ALJ's credibility findings were upheld based on, among other reasons, the claimant's demonstrated years of unemployment between jobs prior to the alleged disability onset date. *Thomas*, 278 F.3d at 959. Here, the ALJ did not discount Plaintiff's credibility based on a poor work history prior to the alleged disability onset date, or based on any inconsistency in Plaintiff's stated reasons for leaving work. (AR 17.) *See also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that inconsistencies in claimant's stated reasons for leaving work undermined claimant's credibility). Rather, the ALJ appeared to question why Plaintiff did not return to work after 2008 and before she started falling, finding that Plaintiff was doing fairly well during this period. (AR 17.) However, the record indicates that Plaintiff had surgery and radiation for breast cancer in 2008, had an intracranial mass removed from her brain in October 2009, and suffered from chronic headaches and dizziness since her neurosurgery, if not before. (AR 57, 367-68, 570, 720.) In June 2010, Plaintiff complained to her neurologist of episodic headaches, predating the neurosurgery, which occurred once every 10 to 15 days and lasted two or three days each. (AR 367-68.) While Plaintiff's incidents of falls may have started after the DLI, the ALJ's finding that Plaintiff was doing fairly well prior to the DLI is vague and not supported by substantial evidence.

On balance, the Court finds that this was not a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's credibility.

### b. Reason No. 2: Successful Treatment

The ALJ found that Plaintiff has undergone surgery to remove her brain tumor, and that "the treatment [for her allegedly disabling symptoms] has been generally successful in controlling those symptoms." (AR 17.)

Evidence that treatment can effectively control a claimant's symptoms may be a clear and convincing reason to find a claimant less credible. *See* 20 C.F.R. § 404.1529(c)(3)(iv); *Warre v. Comm'r, of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (stating that "[i]mpairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits.").

As Plaintiff argues, the ALJ did not specify the successful treatment to which he referred. (Pl. Memo. at 11.) The record includes evidence, for example, that although the intracranial mass was successfully removed, Plaintiff continued to have chronic headaches and had considerable symptoms of episodic vertigo and dizziness after the neurosurgery. (AR 57, 367-68, 570, 641.) The successful treatment of Plaintiff's brain tumor does not discredit her testimony that she has been unable to work since 2008 due to impaired balance, difficulty walking, vertigo, and headaches. (AR 17, 55.)

The Court finds that this was not a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's credibility.

### c. Reason No. 3: Activities of Daily Living

The ALJ found that "despite [Plaintiff's] impairment, she has engaged in a somewhat normal level of daily activity and interaction." (AR 17.) The ALJ noted that Plaintiff reported that she cooked meals for herself and her family, prepared her granddaughter for day care, exercised, with frequent breaks, and walked for short distances. (*Id.* (citing AR 290).)

Inconsistencies between symptom allegations and daily activities may act as a clear and convincing reason to discount a claimant's credibility, *see Tommasetti*,

533 F.3d at 1039; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991), but a claimant need not be utterly incapacitated to obtain benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The fact that Plaintiff carried on daily activities such as limited cooking, limited walking, and preparing her granddaughter for day care does not detract from her overall credibility, as the record does not show that these activities consumed a substantial part of Plaintiff's day. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Further, the mere ability to perform some chores and to prepare small meals is not necessarily indicative of an ability to perform work activities because "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *see also Molina*, 674 F.3d at 1112-13 (the ALJ may discredit a claimant who "participat[es] in everyday activities indicating capacities that are transferable to a work setting"). The critical difference between such activities "and activities in a full-time job are that a person has more flexibility in scheduling the former . . . , can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)). Indeed, Plaintiff testified that after her brain surgery in 2009 left her with nausea and dizziness, she no longer goes grocery shopping or does laundry, she needs help to cook, and she takes naps about twice a day for 30 minutes. (AR 59, 61-62.) The ALJ did not discuss these limitations on Plaintiff's daily activities. (AR 17.)

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### d. Reason No. 4: Lack of Supporting Objective Evidence

The remaining reason for discounting Plaintiff's subjective testimony – lack of supporting objective evidence – cannot form the sole basis for discounting pain testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot

9

form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility. Accordingly, remand is warranted on this issue.

### B. The ALJ Erred In Considering Dr. Chen's Opinions

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting the 2012 and 2013 opinions of Dr. Chen. (Pl. Memo. at 15-20.) The Commissioner argues that the ALJ properly considered Dr. Chen's opinions and properly relied on the opinions of non-examining medical experts. (Def. Memo. at 8-10.) For the reasons set forth below, the Court agrees with Plaintiff.

#### 1. Dr. Chen's Opinions

The record contains three statements from Dr. Chen, dated October 24, 2011, April 20, 2012, and July 8, 2013.[3] (AR 525, 570, 720-22.) In the 2011 statement, Dr. Chen indicated that Plaintiff had been his patient since 2006. (AR 525.) She reported hearing loss and was referred to an ENT specialist for further evaluation. (*Id.*). An MRI showed an intracranial mass measuring about 3 cm in diameter. (*Id.*) A CT scan of the head showed the mass to be consistent with a meningioma. (*Id.*) Plaintiff was referred to a neurologist to have the right intracranial mass removed, which was successfully done on October 26, 2009. (*Id.*) Dr. Chen did not opine any limitations. (*Id.*)

In the 2012 statement, Dr. Chen noted that Plaintiff experienced chronic headaches at the site of the surgery since her 2009 neurosurgery. (AR 570.) He noted that Plaintiff suffered from "many chronic medical problems including history of breast cancer with left breast lumpectomy, diabetes mellitus 2 with

---

[3] The ALJ correctly cited the exhibit number for Dr. Chen's 2013 statement, but incorrectly noted the date as July 3, 2013. (AR 21.)

neurological manifestation, and degenerative joint disease." (*Id.*) He noted chronic diabetic neuropathic pain at her extremities. (*Id.*) He opined that Plaintiff could "no longer do her regular and customary occupation as an assembler" due to osteoarthritis at her hands and diabetic neuropathy. (*Id.*)

In the 2013 statement, Dr. Chen indicated that he last saw Plaintiff on June 12, 2013. (AR 720.) Plaintiff's diagnoses include "Vertigo, Positional Vertigo, Migraine Headaches, Gout, Sinusitis, Diabetes, Closed Fracture, Occipital Headache, TMG, Hypothyroidism, etc." (*Id.*) Her symptoms include "dizziness, loss of balance, loss of grip, migraines, headaches, sleeplessness, hearing loss, memory loss, loss of concentration, etc." (*Id.*) Dr. Chen referred Plaintiff to various specialists and attempted various treatments, which provided little to no relief. (AR 721.) He opined that Plaintiff "is disabled and cannot work due to her physical condition." (*Id.*) She is "unable to work continuously throughout the day without taking frequent breaks for sitting, standing and lying down. She cannot sit, stand or lie down for prolonged periods of time. She can sit for a maximum time of 20 minutes at which point she requires a break. She can stand for a maximum time of 25 minutes without taking a break. She can walk for a maximum period of 15 minutes without taking a break; however, she walks slowly." (*Id.*) She cannot engage in fine manipulation of her right hand due to a wrist fracture in April 2012, which happened as a result of falling from Vertigo. (*Id.*) She has loss of gripping capacity. (*Id.*) She is unable to carry more than 5 pounds of weight without using her other hand for assistance. (*Id.*) She cannot bend, squat, climb or reach overhead. (*Id.*) Her ability to push and pull is limited due to an ankle fracture in December 2012, which happened because of her dizziness and loss of balance. (*Id.*) Plaintiff requires lying down for periods of ten to fifteen minutes to receive some relief of her headaches, dizziness and loss of balance. (AR 722.) Dr. Chen opined that Plaintiff "is unable to return to work due [to] the various limitations placed upon her caused by her medical condition." (*Id.*)

11

### 2. *Dr. Debolt's Opinion*

At the hearing, Dr. Debolt, an impartial medical expert who is Board certified in psychiatry and neurology, testified via telephone. (AR 30, 36-53.) Dr. Debolt testified that Plaintiff had the following medically determinable impairments: benign brain tumor, with no evidence of persistent disorganization of motor functions, nor of movement, gait, or station, and no evidence of disturbance of conscience or change in mentation; a history of diabetes mellitus and diabetic neuropathy, but no evidence of balance loss. (AR 37-38.) He opined that Plaintiff could lift and carry 20 pounds occasionally; sit and walk for six hours; bend, stoop and carry occasionally; and "limitations of anything on ladders, scaffolds, climbing, or above ground level." (AR 39.) Dr. Debolt found no objective findings to support Dr. Chen's diagnoses and functional limitations. (AR 38.)

### 3. *State Agency Medical Consultants' Opinions*

The State Agency medical consultants opined that Plaintiff could perform a range of light work. (AR 90-95, 100-10.)

### 4. *Pertinent Law*

An ALJ is obligated to consider medical opinions of record, resolve conflicts, and analyze evidence. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989); 20 C.F.R. § 404.1527(c). Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). When an examining physician's opinion is contradicted by another opinion, the ALJ can reject the examining physician's opinion, in whole or in part, by providing specific and legitimate reasons supported by substantial evidence in the record. *See Garrison,* 759 F.3d at 1012. Standing alone, the opinion of a non-examining physician cannot constitute substantial evidence justifying the rejection of an examining physician's opinion. *Lester*, 81

12

F.3d at 831. A non-examining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record and is consistent with it. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted).

### 5. *Discussion*

The ALJ specifically discussed Dr. Chen's 2011, 2012, and 2013 statements, including the 2012 opinion that Plaintiff could no longer do her regular and customary occupation as an assembler, and the 2013 opinion that Plaintiff was disabled, could not work, and had numerous functional limitations. (AR 20-21.) The ALJ gave significant weight to Dr. Chen's opinions. (AR 20.) Indeed, he gave significant weight to the opinions of Dr. Debolt,[4] Dr. Chen, and the State Agency medical consultants because their opinions "are generally consistent in that they all assess [Plaintiff] is able to perform a range of work at the light exertional level with some differences in the degree of specific function-by-function and non functional limitations." (AR 19.) The ALJ further found that the medical opinions are "all reasonable and supported by the record as a whole." (*Id.*)

Plaintiff argues that the ALJ rejected Dr. Chen's 2012 and 2013 opinions, and failed to articulate specific and legitimate reasons for doing so. (Pl. Memo. at 19.) The Court agrees. Here, the ALJ, despite assigning significant weight to Dr. Chen's opinions, gave no explanation for rejecting Dr. Chen's 2012 and 2013 opinions, including Dr. Chen's opinions regarding Plaintiff's inability to work and numerous other limitations. (AR 20-21.) Although an ALJ need not follow the medical opinion of a treating physician, the ALJ "must give specific, legitimate

---

[4] Elsewhere in the Decision, the ALJ gave great weight to Dr. Debolt's opinion because he is a neurological specialist, has an awareness of all the medical evidence in the record, was present at the hearing to question Plaintiff and hear her testimony, and understands Social Security disability programs and requirements, and because his opinions are reasonable and consistent with the objective medical evidence. (AR 20.)

13

reasons for disregarding the opinion of the treating physician." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). Furthermore, although the determination of a claimant's ultimate disability is reserved to the Commissioner [*see* 20 C.F.R. § 404.1527(e)(1)], the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion that Plaintiff cannot work. *See McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th Cir. 1989) (remand warranted where ALJ failed to give specific and legitimate reasons for disregarding treating physician's testimony that claimant was "fully disabled for employment"). The ALJ gave no explanation for rejecting probative portions of Dr. Chen's opinions, and therefore, erred.[5] *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide explanation when rejecting "significant probative evidence") (citation omitted).

The Commissioner acknowledges that "the ALJ did not adopt the limitations Dr. Chen assessed in 2012 and 2013," yet argues that the ALJ explained that "[p]rior to [Plaintiff's] date last insured, she appeared to be doing fairly well" and "incidents of falls began after the date last insured." (Def. Memo. at 9) (citation and internal quotations omitted). The Commissioner further argues that the ALJ

---

[5] The Court is aware of *Hamilton v. Comm'r of Soc. Sec. Admin.*, 368 F. App'x 724 (9th Cir. 2010), which held that if error, it was harmless error for an ALJ not to explicitly reject a treating physician's disability assertion where the ALJ's findings included "numerous specific and legitimate reasons for rejecting a conclusion that [claimant] was disabled and could not work." *Hamilton*, 368 F. App'x at 726. *Hamilton* is distinguishable. Here, the Court cannot find that the ALJ gave numerous specific and legitimate reasons for rejecting a conclusion that Plaintiff was disabled and could not work. The ALJ found that the objective evidence supported a range of light work, which the ALJ mistakenly noted as consistent with all medical opinions. (AR 19). Furthermore, in *Hamilton*, the only opinion by the treating source that the ALJ failed to address was the disability assertion. *Hamilton*, 368 F. App'x at 725. Here, the ALJ also failed to address numerous other portions of Dr. Chen's opinions. (AR 20-21.) *Hamilton* is not controlling here, nor does the Commissioner rely on it.

14

properly gave significant weight and great weight to Dr. Debolt's opinion, noting the relevance of his specialty and the consistency of his opinion with the record. (*Id.* at 10.)

The Commissioner's arguments are not well taken. Although the ALJ noted, vaguely, in his credibility discussion that Plaintiff appeared to be doing well prior to her DLI and that the incidents of falls began after the DLI, the ALJ did not discuss those reasons in rejecting part of Dr. Chen's opinions. (Compare AR 17 *with* AR 20-21.) Therefore, the Court may not consider the Commissioner's proffered reasons. *See Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.") Again, the ALJ did not give any reasons for rejecting portions of Dr. Chen's opinions because he did not purport to reject Dr. Chen's opinions.

The ALJ also improperly relied on Dr. Debolt's opinion. The opinions of non-examining physicians constitute substantial evidence where those opinions are consistent with and supported by other independent record evidence. *Lester*, 81 F.3d at 830-31; *Morgan*, 169 F.3d at 600. Here, the ALJ found Dr. Debolt's opinion consistent with the objective medical evidence. (AR 20.) However, the ALJ also found Dr. Chen's contrasting opinions supported by the record as a whole. (AR 19.) Accordingly, Dr. Debolt's opinion did not provide a specific, legitimate reason for rejecting Dr. Chen's opinions.

Because the ALJ did not give proper weight to the opinion of Dr. Chen, his decision is not supported by substantial evidence. Accordingly, remand is warranted on this issue.

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015)

(remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. On remand, the ALJ shall (1) reassess Plaintiff's subjective allegations and either credit her testimony as true, or provide specific, clear and convincing reasons, supported by substantial evidence in the record, for discounting or rejecting any testimony; and (2) reassess Dr. Chen's treating opinions and provide legally adequate reasons for discounting or rejecting any portion of the opinions, including, if warranted, a legally sufficient explanation for discounting Dr. Chen's opinions regarding Plaintiff's limitations and ability to work. The ALJ shall reassess Plaintiff's RFC, considering the entirety of Dr. Chen's opinions. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

///
///
///
///
///
///

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 29, 2016

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**